IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOYCE E. THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-CV-00164-X-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant the United States of America filed a Rule 12(b)(6) Motion to Dismiss (ECF No. 12) this *pro se* civil action brought under the Federal Torts Claim Act (FTCA). Because Plaintiff failed to timely file her FTCA lawsuit, the District Judge should GRANT Defendant's Motion and DISMISS Plaintiff's claims with prejudice.

**Background**

Marshall Lee Thompson, an Army veteran, died October 3, 2017, from leukemia and sepsis. *See* Am. Compl. (ECF No. 6); *see also* Resp. J.'s Q 3 & 13 (ECF No. 9); *id*. Ex. A. Prior to his death, the decedent received treatment at the Dallas VA Medical Center. Am. Compl. (ECF No. 6). His surviving wife, Plaintiff Doyce Thompson (Thompson), brings this lawsuit against the United States for medical negligence under the FTCA based on allegations that Dallas VA Medical Center

1

physicians failed to diagnose and properly treat her husband's cancer. *See* Am. Compl. (ECF No. 6).

The Department of Veteran's Affairs (VA) received Thompson's original administrative tort claim on August 15, 2018, Resp. J.'s Q 19 (Ex. A-3), and on March 31, 2020, the VA denied her claim and informed Thompson, through her attorney,[1] that she had the "right to file suit" in federal court "within six months of the mailing of this notice." *Id.* at 18. Instead of filing a lawsuit, Thompson mailed a letter to the VA requesting reconsideration. The VA acknowledged receipt of this letter and informed Thompson that her right to file suit was suspended until the VA made its decision. *Id.* at 17. In a letter dated July 13, 2021, the VA informed Thompson, again through her attorney, that her claim was denied on reconsideration. *Id.* at 16. The July 13th letter further informed Thompson she had a right to file suit in federal court and stated "[s]uch a suit must be initiated . . . within 6 months after the date of mailing of this notice of final decision as shown by **the date of this letter**" *Id.* (citing 28 U.S.C. § 2401(b)) (emphasis added). Thompson received the July 13th letter from her attorney on July 22, 2021. Resp. 3 (ECF No. 14).

Thompson, proceeding *pro se*, filed this lawsuit on January 25, 2022. *See* Compl. 1 (ECF No. 3) She also filed an Amended Complaint (ECF No. 6) and provided additional information about her claim in a response to a Magistrate

---

[1] Initially, Thompson engaged an attorney to help her pursue her claims against the United States. *See* Resp. J.'s Q Ex. A-3.

2

Judge's questionnaire (ECF No. 9).[2] Thereafter, the Court ordered Thompson to serve the United States. *See* Order (ECF No. 10). In response, the United States filed its motion to dismiss, in which it argues Thompson's lawsuit is untimely because she filed it after the relevant deadline established by the FTCA. *See* Mot. Dismiss 4. Thompson filed a Response (ECF No. 14), and the United States filed its Reply (ECF No. 16). The motion is now ripe for consideration.

## Legal Standards and Analysis

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005)). Thompson's response to the Judge's Questionnaire and the documents she included with that response are treated as a part of her pleadings. *See Swaringen v. Bell*, 2019 WL 2870951, at *3 (N.D. Tex. June 13, 2019), *rec. accepted*, 2019 WL 2869825 (N.D. Tex. July 3, 2019) (noting that responses to court questionnaires become part of the pleadings).

3

544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Here, the United States argues Thompson's lawsuit is barred by the statute of limitations. Mot. Dismiss 4. Statutes of limitations are not expressly listed among the defenses that may be raised in a Rule 12(b) motion; rather, Rule 8(c) includes them as affirmative defenses. Fed. R. Civ. P. 8(c), 12(b); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir.

4

2017) (per curiam) (citing Fed. R. Civ. P. 8(c), 12(b)). But "when a successful affirmative defense appears on the face of the pleadings . . . dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)); *accord Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."); *see also Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253-54 (5th Cir. 2021) (holding that a court may grant a motion to dismiss based on limitations when it is evident from the pleadings that the action is time-barred); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

Under the FTCA, federal courts have "exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x. 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)). A FTCA claim "'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to

federal court 'within six months' after the agency acts on the claim," *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)).

The United States does not contest that Thompson brought her claim to the appropriate federal agency—the VA—within two years of her husband's death. However, the United States argues the "lawsuit should be dismissed because Thompson did not timely file her [FTCA] suit within six months of the VA's administrative decision." Mot. 4.

The VA first acted on Thompson's administrative claim in March 2020—evidenced by the first denial letter—wherein the VA denied Thompson's claim and informed her she had a right to file suit in federal court but had to do so within 6 months. Thompson instead requested the VA to reconsider its decision—which suspended the six-month time limit. *See* Resp. J.'s Q. 17 ("You are advised that the Attorney General's regulation provides an agency a 6-month period during which time the right to file suit on this claim is suspended."). Upon reconsideration, the VA again denied Thompson's claim. The second denial letter—dated July 13, 2021—stated that Thompson may bring her claim to a federal district court for judicial consideration, but "[s]uch a suit must be initiated . . . within 6 months after the date of mailing of this notice of final decision as shown by **the date of this letter**." *Id.* (citing 28 U.S.C. § 2401(b)) (emphasis added); *see also Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2010) (stating the six-month period begins the date the denial is mailed).

Since the date of the second denial letter was July 13, 2021—Thompson's six-month period to file suit expired on January 13, 2022. Thompson, however, did not file this suit until January 25, 2022—therefore, absent tolling, Thompson's FTCA claim is time barred.

Thompson argues that the FTCA statute of limitations does not bar her claim because she did not *receive* the July 13th letter until July 22, 2022. Specifically, she contends that she

> [had] to file a lawsuit within six (6) months of "NOTICE" of final denial of claim by Defendant . . . The VA's Acknowledgement and notice of denial of claim was received July 22, 2021 as noted by confirmation of delivery. (Exhibit A-1 of postal Confirmation of delivery). Any lawsuit must be filed within 6 (six) months "After" the date of mailing this notice.
>
> The expiration of six months . . . was expired on January 22, 2022, however . . . January 22, 2022 fell on a Saturday. [The] Texas Civil Practice and Remedies Act provides that if the last day of a limitations period under ANY Statute of Limitations falls on a Saturday, Sunday, or Holiday, the period for filing suit is extended to include the next day the offices are open for business. Tex. Civ. Practices and Remedies Code § 16.072.

Resp. 3. But this argument is contrary to the law. The six-month period to file suit begins the date the denial is mailed. See *Beemer*, 495 F. App'x. at 400.

Indeed, the Fifth Circuit rejected a similar argument in *Beemer*. There, the plaintiff argued that he never received the government's denial letter and, thus, the six-month limitations period was not triggered. *Id.* However, the Fifth Circuit held that "the statute of limitations starts to run the moment the government mails notice of an FTCA claim denial." *Id.* Whether and when a plaintiff receives the

7

government's notice—the Fifth Circuit explained—"is immaterial." *Id.* Because the six-month statute of limitations expired before the plaintiff filed suit, the Fifth Circuit affirmed the trial court's dismissal of his FTCA action. *Id.*; *see also Ellis v. U.S. Dep't of Veterans Affairs*, 721 F. App'x 395, 397 (5th Cir. 2018) (finding that FTCA claim filed after six-month period expired was time-barred). The Fifth Circuit acknowledged that "[w]hile it might be more equitable if the short period of limitations provided by [the FTCA] commenced with receipt by the claimant . . . the plain words of the statute . . . specify that an action [begins] within six months after the 'date of mailing.'" *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975). Therefore, Thompson's argument that the statute of limitations did not begin until she received notice is incorrect.

  Further, even if the Court were to accept Thompson's argument—her claim is still untimely. Thompson avers that she did not receive notice of the VA's denial and of her right to sue until July 22, 2021, and therefore the statute of limitations did not expire until January 22, 2022. Because January 22 was a Saturday, Thompson argues she had until the next business day to file her claim. Following this line of reasoning, the next business day would be January 24, 2022—yet Thompson did not file her claim until January 25, 2022. *See* Reply FN1. And the Fifth Circuit strictly applies the limitations bar. S*ee Lonero v. United States*, 2022 WL 3544401, at *2 (5th Cir. 2022) ("This Court requires a strict application of the six-month statute of limitations."). In *Beard v. Bureau of Prisons*, 538 F. App'x

8

493, 494 (5th Cir. 2013), the Fifth Circuit held that an FTCA claim filed three days after the six-month limitations period expired was untimely.

Thus, absent tolling, Thompson's FTCA claim is time barred. The party seeking equitable tolling has the burden to provide justification for doing so and the application must be sparingly applied. *Ellis*, 721 F. App'x. at 397. A plaintiff is entitled to equitable tolling only if she shows "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Thompson has not asserted any arguments in favor of applying equitable tolling, nor do the facts alleged support an application of equitable tolling.

## Opportunity to Amend

The Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. *Pro se* plaintiffs also may obtain leave to amend their complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater,

9

C.J.); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiffs have alleged their best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

Thompson has filed an Amended Complaint and was given an opportunity to elaborate on her claim through the Magistrate Judge's questionnaire. Any further amendments to Thompson's FTCA claim would be futile because her claim is time barred. Therefore, the District Judge should not give Thompson any further opportunity to allege her barred FTCA claim against the United States.

## Recommendation

For the reasons stated, the District Court should **GRANT** the United States Motion to Dismiss and **DISMISS** with prejudice Thompson's FTCA claim.

**SO RECOMMENDED.**

June 12, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).